UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RANDALL J. McATEE Plaintiff

v. Civil Action No. 3:21-cv-345-RGJ

AUDUBON COUNTRY CLUB Defendant

* * * * *

**MEMORANDUM OPINION**

Plaintiff Randall J. McAtee filed the instant *pro se* action and paid the filing fee. By Memorandum Opinion and Order entered August 26, 2021 (DN 5), the Court ordered Plaintiff to show cause why this action should not be dismissed *sua sponte* for lack of subject matter jurisdiction within 30 days. Plaintiff did not respond to the Memorandum Opinion and Order. For the reasons stated herein, this action will be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h).

**I.**

Plaintiff initiated the action on a form for filing a civil case. He names Audubon Country Club as the only Defendant. Where the form asks Plaintiff to state the basis for federal court jurisdiction, Plaintiff indicates that jurisdiction is based on a federal question. Where the form asks Plaintiff to state the specific federal statutes, treaties, or constitutional provisions at issue in the case, Plaintiff states, “Return of social dues. 22 months. Pain and suffering and perjury.” Plaintiff also indicates in the form that he is a citizen of Indiana and that Audubon Country Club is incorporated in Kentucky. Where the form asks for the amount in controversy, Plaintiff left the section blank. Where the form asks for the statement of claim, Plaintiff also left the section blank. In the Relief section, Plaintiff states, “Money. Truth to be told. Damages.”

**II.**

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine

whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met his burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys*., 287 F.3d 568, 573 (6th Cir. 2002). Plaintiff cites no facts to support a claim for the violation of his constitutional rights or any other federal cause of action. Therefore, the complaint fails to establish federal-question jurisdiction.

Additionally, Plaintiff fails to establish diversity jurisdiction. For a federal court to have diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiff fails to allege facts supporting that the amount in controversy exceeds $75,000. Even construed liberally, the complaint contains no facts whatsoever to support the requisite $75,000 amount in controversy. *See McCune v. JPay, Inc.*, No. 2:17-cv-670-CMV-JLG, 2017 U.S. Dist. LEXIS 127026, at *7 (S.D. Ohio Aug. 10, 2017) (holding that plaintiff failed to sufficiently plead diversity jurisdiction where he sought $500,000 in damages but "his allegations fail[ed] to support such a request"), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 135660 (S.D. Ohio Aug. 24, 2017); *Tiger v. Pynkala*, No. 14-cv-2312-JDT, 2014 U.S. Dist. LEXIS 155247, at *14, n.11 (W.D. Tenn. Oct. 30, 2014) (finding that the plaintiff failed to meet her burden of pleading diversity jurisdiction where she failed to "present clear allegations" that the amount in controversy exceeded $75,000); *Carter v. Night Mgmt. & Gap Prot.*, No. 2:12-cv-780-EAPD-EAS, 2012 U.S. Dist. LEXIS 143796, at *3 (S.D. Ohio Sept. 7, 2012) (finding that the

plaintiff failed to sufficiently plead diversity jurisdiction where "her allegations fail[ed] to support her request for millions of dollars"), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 144025 (S.D. Ohio Oct. 3, 2012). Therefore, Plaintiff has failed to satisfy the amount-in-controversy requirement, and the complaint fails to support diversity jurisdiction.

For the foregoing reasons, the Court concludes that the instant action is subject to dismissal *sua sponte*. Before dismissing the action, however, the Court directed service of the complaint on Defendant, gave notice to the parties of its intent to dismiss the complaint, and ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. *See Estate of Abdullah v. Arena*, 601 F. App'x 389, 396 (6th Cir. 2015). Plaintiff did not respond to that Order. Accordingly, the action will be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) by separate Order.

Date: October 6, 2021

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant
A961.010